IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD WILLIAM PAYNE, #620984, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0369-D |
| | ) | |
| UNITED STATES MARSHAL'S OFFICE, | ) | |
|       Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 8, 2005, this case has been re-referred to the United States Magistrate Judge following payment of the $5.00 filing fee. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a civil action filed as a motion for expunction of arrest record.[1]

    Parties: Plaintiff is presently incarcerated at the Connally Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas. Defendant is the United States Marshal's Office. The Court has not issued process in this case, pending preliminary screening of Plaintiff's pleadings and his answers to the magistrate judge's questionnaire filed on October 6, 2005.

---

[1] Although the court clerk docketed this case as an action pursuant to 42 U.S.C. § 1983, his complaint is analogous to a mandamus action, which stems from a civil commitment proceeding and a federal habeas action. As a result, this action is not subject to the fee payment requirements under the Prison Litigation Reform Act (PLRA). See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).

Statement of Case: Plaintiff seeks to expunge the record of his December 8, 1962 arrest in Dallas, Texas, in connection with the charge of Theft of U.S. Mail in cause number F11929, which was subsequently dismissed for lack of probable cause. (Mot. for Expunction at 1-2, and answer to Question 4 of the Magistrate Judge's Questionnaire). He alleges that the 1962 arrest will adversely affect future evaluations of his custody status by TDCJ-CID Classification Committee, and determinations of his eligibility for parole by the Texas Board of Pardons and Parole. (Mot. for Expunction at 5).

Findings and Conclusions: Although Plaintiff paid the $5.00 filing fee, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989).

There is no constitutional or general statutory right to expungement of executive branch records. Sealed Appellant v. Sealed Appellee, 130 F.3d 695, 699-700 (5th Cir. 1997). While

2

courts have the inherent, equitable power to expunge arrest records, such power is "excedingly narrow" and to be applied "only in exceptional circumstances." Id. at 702; see also United States v. Friesen, 853 F.2d 816, 817 (10th Cir. 1988); see also United States v. Janik, 10 F.3d 470, 472 (7th Cir. 1993); United States v. Linn, 513 F.2d 925, 927-28 (10th Cir. 1975) (noting that expungement should be reserved for "unusual or extreme cases").

The instant case does not present the type of unusual or extreme circumstances warranting the expungement of Plaintiff's arrest record. See Sealed Appellant, 130 F.3d at 702 (concluding that the defendant had not met his burden of showing sufficient harm to be entitled to expungement). Plaintiff advances two specific actions that he may suffer in the future as a result of his 1962 arrest record: (1) adverse custody evaluations – i.e., loss of a lower level security classification– and (2) denial of parole. (Mot. for Expungement at 5). Neither of these affected interests is constitutionally protected. The Fifth Circuit has long recognized that an inmate has no liberty interest in a particular security classification in prison. Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) (citing Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 581-82 (5th Cir. 1995)). Moreover, Plaintiff does not have a liberty interest in parole under Texas law. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997); see also In re Mamoth, 182 F.3d 917 (table), 1999 WL 455415 (6th Cir. Jun. 24, 1999) (affirming denial of motion to expunge arrest record because inmate did not have a liberty interest under Texas law concerning the granting of parole).[2]

---

[2] Contrary to Plaintiff's allegations Vann v. Oklahoma State Bureau of Investigation, 28 Fed. Appx. 861 (10th Cir. Nov. 29, 2001) held that prisoner failed to show that actions of Oklahoma State Bureau of Investigation in allegedly creating and maintaining false or incorrect information in prisoner's criminal history record had resulted in a constitutional violation sufficient to support recovery under § 1983. In Vann, as in this case, the inmate plaintiff did not have a constitutionally-protected interest in his security classification and in

3

Aside from the fact that there is no legal support for the speculative consequences which Plaintiff suggests he will suffer, his claims are factually frivolous as well, given his extensive criminal conviction record which post-dated his 1962 arrest for which no conviction resulted. See Petitioner's answers to Question 1.

Accordingly, Plaintiff's motion for expungement of arrest record lacks an arguable basis in law or in fact and should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion for expungement of arrest record should be denied and that this case should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(2).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of November, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

parole.